UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

|  |  |
|---|---|
| GABRIEL FISHER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>APPLE INC., a foreign profit corporation; and DOES 1-20, as yet unknown Washington entities,<br><br>Defendant. | Case No. C26-204RSM<br><br>ORDER GRANTING MOTION TO COMPEL ARBITRATION |

This matter comes before the Court on Defendant Apple Inc.'s Motion to Compel Arbitration, Dkt. #15.  Apple argues that Plaintiff Gabriel Fisher's "claim for violation of RCW 49.62.070 stems from his employment with Apple and falls squarely within the scope of his agreement to arbitrate."  *Id*. at 5.  Apple cites to an attached stand-alone document called "Arbitration Agreement" that it says Plaintiff electronically signed on August 18, 2021.  *Id*.

Plaintiff Fisher does not oppose this Motion.  *See* Dkt. #17.

"The [Federal Arbitration Act ("FAA")] provides that any arbitration agreement within its scope 'shall be valid, irrevocable, and enforceable,' and permits a party 'aggrieved by the

ORDER GRANTING MOTION TO COMPEL ARBITRATION - 1

alleged refusal of another to arbitrate' to petition any federal district court for an order compelling arbitration in the manner provided for in the agreement." *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000) (citations and ellipses omitted). "The FAA requires federal district courts to stay judicial proceedings and compel arbitration of claims covered by a written and enforceable arbitration agreement." *Nguyen v. Barnes & Noble Inc.*, 763 F.3d 1171, 1175 (9th Cir. 2014) (internal citation omitted); *Chiron*, 207 F.3d at 1130 ("[T]he Act 'leaves no place for the exercise of discretion by a district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed.'") (citation omitted). "The FAA limits the district court's role to determining whether a valid arbitration agreement exists, and whether the agreement encompasses the disputes at issue." *Nguyen*, 763 F.3d at 1175 (citing *Chiron*, 207 F.3d at 1130). To determine "whether a valid arbitration agreement exists, federal courts 'apply ordinary state-law principles that govern the formation of contracts.'" *Id.* (quoting *First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 944, 115 S. Ct. 1920, 131 L. Ed. 2d 985 (1995)).

Notwithstanding the language of Section 3 of the FAA, a court "may either stay the action or dismiss it outright [if] the court determines that all of the claims raised in the action are subject to arbitration." *Johnmohammadi v. Bloomingdale's, Inc.*, 755 F.3d 1072, 1074 (9th Cir. 2014).

The Court has reviewed the briefing of the parties, the agreement at issue, and the remaining evidence. Taking all of this into consideration with the above law, the Court finds that Apple has met its burden to warrant granting the requested relief of dismissal. There is no reason to stay this action given the positions of the parties and the procedural history of this case.

Having reviewed the relevant briefing and the remainder of the record, the Court hereby finds and ORDERS that Defendant Apple's Motion to Compel Arbitration, Dkt. #15, is

ORDER GRANTING MOTION TO COMPEL ARBITRATION - 2

GRANTED. Plaintiff and Defendant are DIRECTED to arbitrate pursuant to the arbitration clause in effect between them. Plaintiff's claim is DISMISSED without prejudice. This case is CLOSED.

DATED this 14th day of April, 2026.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER GRANTING MOTION TO COMPEL ARBITRATION - 3